

144 Exchange Boulevard, Suite 400
Rochester, NY 14614 | 585.262.5130

vaheylaw.com

JARED K. COOK, ESQ. ASSOCIATE
WRITER'S TELEPHONE NUMBER: (585) 262-5130
FAX: (585) 262-3474
E-mail: jcook@vaheylaw.com

July 13, 2022

**VIA ECF**

Hon. Miroslav Lovric
United States Magistrate Judge
Northern District of New York
15 Henry Street
Binghamton, NY 13901

  Re: *Arabia-Andrews, et al. v. Captain John's Restaurant, Inc., et al*
    **NDNY Case No. 6:21-cv-00868**

Dear Magistrate Judge Lovric:

  This law firm represents the Plaintiffs in this action. We write to request on behalf of all parties that the Court approve the attached settlement agreement (*see* **Ex. 1**).

  The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) requires settlements of FLSA claims to be approved by the Court as a fair and reasonable compromise. The parties agreed after an arms-length mediation to settle the claims of the four Plaintiffs for $45,000. We respectfully submit that this is a fair settlement and that the Court should approve it.

***The Parties' Claims and Defenses.***

  The Plaintiffs asserted tip-credit minimum wage claims under both the FLSA and New York State law, along with tip disgorgement claims, uniform purchase claims, and New York Wage Theft Prevention Act claims under state law.

  Both federal and state law allow employers of tipped employees to take a credit toward their minimum wage obligations for a portion of the tips paid by customers, effectively reducing the minimum wage to a lower tipped minimum wage. But in order to take advantage of this special dispensation, the employer must strictly comply with the tip credit rules. The minimum wage claims were based on the allegation that the Defendants violated the tip-credit rules by keeping a portion of tips given by customers to the Plaintiffs, and by failing to provide the legally required notice informing the Plaintiffs of their rights under the laws and regulations related to tipped employees. By violating these rules, Plaintiffs allege, the Defendants disqualified themselves from the tip credit, and are therefore liable to pay the

Hon. Miroslav Lovric
July 13, 2022
Page 2

difference between the minimum wage and the lower tipped wage that they actually paid, as well as liquidated damages and attorney fees.

In addition, the Plaintiffs allege that the Defendants are liable to repay the tips that they kept.

The Plaintiffs also alleged that the Defendants violated New York law by failing to compensate employees for uniform purchases, and by failing to provide required notices under New York State law, and that they are therefore liable for uniform expenses ad statutory penalties.

The Defendants vigorously disputed the Plaintiffs' claims. They argued that the bartender that received a portion of tips was not an employer and was not prohibited under the law from receiving tips. They asserted that their policies with respect to notices and uniforms complied with all federal and state law.

*The Settlement Terms*

The parties agreed to settle the Plaintiffs' claims in a mediation held April 8, 2022. Both parties were represented by competent and experienced counsel. Following the mediation, the parties finalized the terms of the settlement agreement. The agreement was fully executed on June 23, 2022.

1. *Settlement amount.*

The settlement agreement requires the Defendants to pay $45,000 to settle the Plaintiffs' claims, without admitting liability. After deducting for fees and costs, the four Plaintiffs will receive $29,366.67, collectively, distributed between them pro rata, according to each Plaintiff's estimated damages. This number represents approximately 44% of the total damages (including liquidated damages, statutory penalties, and interest) that we estimate the Plaintiffs to be owed based upon the allegations set forth in the complaint.

Each Plaintiff will receive more than the total amount of unpaid minimum wages and tip damages we estimate her to be owed, not counting liquidated damages, statutory penalties, and interest.

2. *Fees and costs.*

The portion of the settlement agreement attributable to fees and costs represents one-third of the total settlement amount, plus reimbursement for costs, consistent with the Plaintiffs' retainer agreement. This amount is less than the actual amount of fees counsel spent litigating the matter. We respectfully submit that this is a fair amount for fees and costs. *See, e.g., Marquez v. Roberto's Rest. Corp.*, No. 16-CV-2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely

Hon. Miroslav Lovric
July 13, 2022
Page 3

approved in this Circuit."); *Santos v. E T & K Foods, Inc.*, No. 16 Civ. 7107 (DLI) (VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (collecting cases).

### 3. *Release and other settlement terms.*

The other terms of the agreement are likewise consistent with *Cheeks*. Plaintiff's release is limited to wage-and-hour claims, and the agreement does not contain a confidentiality provision. The agreement also provides that the Court shall retain jurisdiction to enforce the settlement terms.

*    *    *

The parties agree that their settlement agreement is a fair and reasonable compromise of disputed claims, reached through arms-length negotiation.

We therefore respectfully request that the Court approve this settlement agreement. We will gladly provide any other information that the Court may find necessary, and we thank the Court for its attention to this matter.

Respectfully submitted,

*Jared K. Cook*

Jared K. Cook

JKC/edr

cc:   (via CM/ECF)
      Anthony C. Galli, Esq.

3